IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANK BELECZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-6251-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability beginning June 1, 2001, due to constant severe pain resulting from rheumatoid arthritis, a broken pelvis, a broken arm, and equilibrium problems. Tr. 85. After a hearing, an administrative law judge (ALJ)

1 - ORDER

determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) failing to give proper credit to plaintiff's wife's testimony; (3) failing to meet his burden regarding plaintiff's ability to perform other work; and (4) failing to develop the record regarding plaintiff's mental impairment. Plaintiff also argues that the opinion of plaintiff's treating physician compels a finding of disability.

After the hearing before the ALJ, plaintiff requested 45 days to submit additional evidence after receiving the hearing tapes. Plaintiff received the hearing tapes on June 8, 2006, but the Appeals Council stated that it would not act only for an additional 25 days. Tr. 15. On August 18, 2006, the Appeals Council denied plaintiff's request for review. On August 28, 2006, plaintiff submitted a disability opinion, dated August 16, 2006, from his treating physician, Dr. George Larsen, and asked the Appeals Council to consider the letter and reissue its decision. Tr. 7. The Appeals Council declined to reopen the decision, but did give plaintiff more time to file the instant civil case. Tr. 5.

While the court does not have jurisdiction to review the Appeals Council decision not to reopen a case, the opinion of Dr. Larsen has been made part of the record of this case.[1]

---

[1] The Commissioner's argument that plaintiff has failed to show good cause allowing review of Dr. Larsen's letter is unavailing because the regulations cited relate to filing a request for review

2 - ORDER

In <u>Ramirez v. Shalala</u>, 8 F.3d 1449 (9th Cir. 1993), the Ninth Circuit found that courts consider both the ALJ's decision and the additional material submitted to the Appeals Council. <u>Id</u>. at 1452. The <u>Ramirez</u> court noted that the court had previously found that a de novo review of the Appeals Council's refusal to review the decision of the ALJ, where the claimant presented new material to the Appeals Council after the hearing before the ALJ, was proper. <u>See, id</u>. (citing <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1063-64 (9th Cir. 1990).

> The Appeals Council could have remanded for a further hearing so that the ALJ could consider Ramirez's eligibility for benefits under diagnosis 12.04, or so that he could take further evidence. It chose not to do so. Instead, it treated the record as complete. We agree. Ordinarily, we may either " 'remand [a] case for additional evidence or simply ... award benefits.' " <u>Varney v. Secretary of Health and Human Servs</u>., 859 F.2d 1396, 1399 (9th Cir.1988) (quoting <u>Stone v. Heckler</u>, 761 F.2d 530, 533 (9th Cir. 1985)). Where the record is complete, however, we award benefits to the claimant. <u>Id</u>. (citing <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir.1986)). Here, the record establishes that Ramirez exhibited the symptoms of a person suffering the required signs of diagnosis 12.04 in the required degree of duration and severity. There is no substantial evidence to the contrary. The Appeals Council therefore erred in failing to overturn the ALJ's decision and award benefits to Ramirez. Accordingly, we reverse the Secretary's

---

and plaintiff did timely file a request for review. The Appeals Council considered the letter because it stated that it may look again at the case and change a determination based on new material evidence, but that it found no such reason to reopen. Tr. 5. The Appeals Council also indicated the letter is part of the record by allowing additional time for filing a civil case. The Appeals Council must consider new and material evidence submitted to it which relates to the period on or before the ALJ's decision. 20 C.F.R. § 416.1470(b).

3 - ORDER

decision. Ramirez, 8 F3d. at 1455.

The Ninth Circuit continues to determine a remand for benefits is proper based on a failure to remand to consider additional evidence not before the ALJ. See McCartey v. Massanari, 298 F.3d 1072, 1077, n. 7 (9th Cir. 2002).

In this case, while Dr. Larsen's letter establishes disability because he opines that plaintiff would miss more than two days of work per month because of his arthritic flare-ups and hepatitis C, TR. 8, 264-64, the court finds that the case is appropriate for further proceedings.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989). Generally, this court would not remand to allow the commissioner to address an opinion the Appeals Council failed to properly discount. However, the Appeals Council received the opinion after it had made a decision not to review the case and the Council indicated that the decision not to review was based, in

4 - ORDER

addition to its finding that the opinion was not new and material, on a finding that the opinion was untimely submitted. Tr. 5. Therefore, remand is appropriate so the ALJ can consider the opinion.

The ALJ's rejection of plaintiff's testimony was based, in part, on the ALJ's determination that plaintiff's complaint were "out of proportion to the [medical] findings." Tr. 30, 208. The ALJ cites the report of Dr. Lorren Weaver, and it is unclear if the report referred to exaggeration due to lack of credibility or simply a lack of objective medical evidence to support symptoms. Dr. Larsen's opinion may shed light on this issue. Moreover, Dr. Larsen's opinion should be considered in determining plaintiff's credibility and plaintiff's wife's testimony vis-vis plaintiff's daily activities. A remand will also allow development of the record regarding plaintiff's mental impairments.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for additional proceedings.

DATED this ___29th___ day of ___June___, 2007.

            s/Michael R. Hogan
            UNITED STATES DISTRICT JUDGE

5 - ORDER